IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAMUEL BARROW,

        Plaintiff,    :    Case No. 3:15-cv-341

                                    District Judge Walter Herbert Rice
- vs -                           Magistrate Judge Michael R. Merz

LIVING WORD CHURCH, et al.,

        Defendants.    :

## REPORT AND RECOMMENDATIONS ON DEFENDANT ANTOINETTE NARTKER'S MOTION TO DISMISS

This case is before the Court on Motion to Dismiss of Defendant Antoinette Nartker (ECF No. 49). Plaintiff opposes the Motion (ECF No. 53) and Defendant Nartker has filed a Reply in support (ECF No. 61).

Plaintiff begins by adopting the Motions to Dismiss filed by other Defendants (ECF No. 49, PageID 330). To the extent the Living Word Defendants (Living Word – Dayton and Mr. & Mrs. Murray) sought dismissal on the basis of the ecclesiatical abstention doctrine, Plaintiff has disclaimed "any request that this Court review Living Word's decision to remove him from his status as volunteer clergy or as a parishioner." (ECF No. 26, PageID 155). The Magistrate Judge has therefore concluded "the Free Exercise Clause does not warrant dismissing this case for lack of subject matter jurisdiction." (ECF No. 57, PageID 417.) To the extent Ms. Martker's Motion

1

to Dismiss incorporates the Living Word ecclesiastical abstention argument, it is without merit for the same reason as given in the Report on their Motion to Dismiss.

Ms. Nartker also incorporated the Living Word argument about the failure to the Second Amended Complaint to state a claim for relief under 42 U.S.C. § 1981.  That argument is without merit for the same reason given in rejecting it as to the Living Word Defendants (See ECF No. 57, PageID 417-23.

Ms. Nartker also asserts Barrow's claims against her should be dismissed on the basis of claim preclusion or *res judicata*.  She notes that Mr. Barrow *pro se* filed Case No. 2015 CV 0475 against her and other persons in the Montgomery County Common Pleas Court on January 23, 2015 (Complaint at ECF No. 49-1, PageID 341-52) and then moved to dismiss that case without prejudice on February 25, 2015.  (ECF No. 49-2, PageID 353-57).  Mr. Barrow then filed an amended motion to dismiss without prejudice (*Id.* . at PageID 358-62) and another motion to dismiss on February 27, 2015 (ECF No. 49-4, PageID 363-68).  On the same day he filed a Notice of Voluntary Dismissal of that case (ECF No. 49-5, PageID 369-73).  On November 19, 2015, Mr. Barrow *pro se* filed a Complaint in the Greene County Common Pleas Court, Case No. 2015CV0713, against Westfield Insurance, Panera Bread, and Ms. Nartker for a personal injury claim (ECF No. 49-6, PageID 374-76) which he then voluntarily dismissed on December 1, 2015 (ECF No. 49-7, PageID 377).  Ms. Nartker argues that Mr. Barrow has now twice voluntarily dismissed his claims against her and the second such dismissal is with prejudice by operation of law.

Plaintiff responds that "[b]ecause the claims and operative facts [in the Montgomery County and Greene County lawsuits] are different, the double dismissal rule does not apply." (Memo in Opp., ECF No. 53, PageID 392, citing *Wells Fargo Bank, N.A. v. Bischoff*, 2014 Ohio

app. LEXIS 821 (6th Dist,. Mar. 14, 2014); *Deutsche Bank Nat'l Trust Co., v. Smith*, 2015 Ohio App. LEXIS 2863 (1st Dist. July 24, 2015); *Beneficial Ohio, Inc., v. Parish*, 2012 Ohio app. LEXIS 1004 (4th Dist. Mar. 16, 2012); and *Aames Capital Corp. v. Wells,* 2002-Ohio-1498 (9th Dist. Apr. 3, 2002).

Ms. Nartker's Reply reiterates her claim that the Second Amended Complaint does not state a claim for relief under 42 U.S.C. § 1981 (ECF No. 61, PageID 448-50). The Court rejects that argument, incorporating here the analysis given in denying that argument when made by the Living Word Defendants.

As to the double dismissal argument, Ms. Nartker asserts "all three cases 'include the same claim.'" (ECF No. 61, PageID 452). As the Court reads the complaints, they arise out of different operative facts. In this case and its prior filing in the Montgomery County Common Pleas Court, Mr. Barrow indeed makes the same "fatal attraction" assertions about Ms. Nartker's supposed sexual obsession with him, but then asserts that led her to engage in conduct which harmed him – interference with his contract with his literary agent and starting the lynching pool – which are distinct in time from the Panera bread allegations – that out of the same motivation she provided false information to a claims agent about Mr. Barrow's asserted slip and fall. Because the Montgomery County suit later filed here and the Green County suit arise out of different operative facts and different transactions, the double dismissal rule does not apply.

It is accordingly respectfully recommended that Ms. Nartker's Motion to Dismiss or for judgment on the pleadings be DENIED.

May 20, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

3

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).