# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SAMUEL BARROW,

            Plaintiff,    :    Case No. 3:15-cv-341

                                    District Judge Walter Herbert Rice
- vs -                              Magistrate Judge Michael R. Merz

LIVING WORD CHURCH, et al.,

           Defendants.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Objections by Defendant Antoinette Nartker ("Objections," ECF No. 72) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 65) recommending Ms. Nartker's Motion to Dismiss ("Motion," ECF No. 49) be denied. Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 74). Plaintiff has filed a timely Response to the Objections (ECF No. 78).

**Objection One:  Free Exercise Defense to Subject Matter Jurisdiction**

Ms. Nartker sought dismissal of the case for lack of subject matter jurisdiction under the Free Exercise Clause of the First Amendment. The Report recommended denying the Motion on the same basis as it was recommended to deny the parallel motion to dismiss of Defendants

1

Living Word – Dayton and Mr. and Mrs. Murray (the "Living Word Defendants")(Report, ECF No. 65, PageID 490-91).

Ms. Nartker's Objections incorporate by reference the objections made by the Living Word Defendants (Objections, ECF No. 72, PageID 538-39).  The Magistrate Judge has again recommended denying dismissal on that basis as to the Living Word Defendants (Supplemental Report, ECF No. 84) and adopts that analysis here.

**Objection Two:  Tortious Interference as § 1981 Claim**

Ms. Nartker objects (ECF No. 72, PageID 539)  to the Report's reliance on *Baseball at Trotwood, LLC v. Dayton Professional Baseball Club,* No. C-3-98-260, 2003 U.S. Dist. LEXIS 27460 at * 65-66 (S.D. Ohio 2003), as holding that a claim of tortious interference with contract is cognizable under 42 U.S.C. § 1981, incorporating by reference an objection made by the Living Word Defendants.  Both parties are correct that *Baseball at Trotwood* did not **hold** § 1981 covered tortious interference claims, but assumed that proposition *arguendo*. 2003 U.S. Dist. LEXIS at *27-28.  Neither set of Objections cites any contrary authority.

In footnote 25 in *Baseball at Trotwood*, Judge Rice wrote:

> On whether tortious interference can give rise to a § 1981 cause of action, compare *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981) (finding that it can) with *Bellows v. Amoco Oil Co.,* 118 F.3d 268 (5th Cir. 1997) (leaving the question open but expressing doubt that it can), cert. denied, 522 U.S. 1068, 118 S. Ct. 739, 139 L. Ed. 2d 675 (1998).

*London* has been followed on the cited point in *Hayes v. City of Memphis,* 23 Fed. Appx. 529 (6th Cir. 2001).

The Magistrate Judge again respectfully recommends the Court find that tortious interference with contract on the basis of race is actionable under 42 U.S.C. § 1981.

**Objection III:** *Iqbal/Twombly* **Plausibility**

In her Third Objection, Ms. Nartker asserts the Second Amended Complaint does not sufficiently allege personal racial animus as the cause of Ms. Nartker's alleged actions against Mr. Barrow.  Plaintiff effectively responds by quoting at length from the Second Amended Complaint (ECF No. 78, PageID 597-600).

On the issue of plausibility, Ms. Nartker asks the Court "to use its common sense." (Objections, ECF No. 72, PageID 543.) She asserts Mr. Barrow has merely re-packaged his claims of sexual jealousy and personal obsession, initially made in the prior Common Pleas Complaint, by adding "the rote accusation that Ms. Nartker 'interfered with Mr. Barrow's right to contract based on his race.'" *Id.*

> All the "facts" alleged in the Complaint pointed to a completely different motivation, one wholly inconsistent with the notion that Ms. Nartker discriminated against Mr. Barrow because of his race. Every relevant factual averment was based on the theory that Ms. Nartker sought revenge against Barrow because he spurned her and she was "sexually obsessed" with him, or was a "fatal attraction," a motivation different from, and, in fact, wholly inconsistent with racial discrimination.

*Id.* at 540-41.

Barrow responds "[i]t is not as though history has not proven that sexual objectification and racism may go hand in hand."  (Response, ECF No. 78, PageID 600).  The Magistrate Judge agrees.  To cite a literary rather than a strictly legal source, the Magistrate Judge would refer

3

counsel to Atticus Finch's cross-examination of the complaining witness in To Kill A Mockingbird.  Ms. Nartker's Third Objection should be overruled.

**Objection IV:**  *Res Judicata*

Ms. Nartker sought dismissal on the basis of claim preclusion, asserting Mr. Barrow had twice before sued her on the same claim and that the dismissal of the second of those suits acted as a dismissal with prejudice.

The Report concluded that because the operative facts in the two lawsuits were different, claim preclusion did not apply (Report, ECF No. 65, PageID 491-92).  Ms. Nartker objects that to reach that conclusion, the Report "gerrymanders the claim of intentional infliction of emotional distress in a way that Barrow's own Complaint did not."  (Objections, ECF No. 72, PageID 545.)

Barrow responds correctly that Ms. Nartker's Objection IV is focused entirely on the intentional infliction of emotional distress claim and does not mention the other claims made in the Second Amended Complaint.  But the critical and determinative response is that the Greene County case was a premises liability case as to which Mr. Barrow accused Ms. Nartker of interfering with his ability to recover by damaging his credibility.  The allegations respecting interference with Mr. Barrow's book deals relate to completely separate transactions.  Objection IV should therefore be overruled.

**Conclusion**

Having reconsidered Ms. Nartker's Motion to Dismiss in light of her Objections, the Magistrate Judge again respectfully recommends the Motion be DENIED.

July 25, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).